HENRY R. BEEHLER *vs.* DANIELS, CORNELL & CO. *et al.*

The owner of a building is under an obligation to one who enters it on his invitation to keep it reasonably safe for the purposes of the invitation ; but such owner owes no duty as to the condition of the building to a mere licensee, unless one be imposed by statute.

A member of the fire department who, in the discharge of his duty enters a building to extinguish a fire, enters as a licensee only; and if he sustains injuries while there by falling into an unguarded elevator well, the owner in the absence of any statutory regulations, is not liable to him in an action grounded on negligence in failing to guard the well, or in so packing the merchandise on the premises as to conduct one to the well.

TRESPASS ON THE CASE.    Certified from the Common Pleas Division on demurrer to the declaration.

*May* 1, 1894.    STINESS, J.    The plaintiff seeks to recover for injury caused by falling into an elevator well in the defendants' building, which he entered in the discharge of his duty, as a member of the fire department of the city of Providence, in answering a call to extinguish a fire.    The negligence alleged in the first count is a failure to guard and protect the well ; and in the second count such a packing of merchandise as to guide and conduct one to the unguarded and unprotected well.    The defendants demur to the declaration, alleging as grounds of demurrer that they owed no duty to the plaintiff ; that he entered their premises in the discharge of a public duty and assumed the risks of his employment ; that he was in the premises without invitation from them ; and that they are not liable for consequences which they could not and were not bound to foresee.

The decisive question thus raised is, Did the defendants, under the circumstances, owe to the plaintiff a duty, for failure in which they are liable to him in damages? The question is not a new one, and we think it is safe to say that it has never been answered otherwise than in favor of the defendants. The plaintiff argues that it was his duty to enter the premises and, consequently, since an owner may reasonably anticipate the liability of a fire, a duty arises from the owner to the fireman to keep his premises guarded and safe. An extension of this argument to its legitimate result, as a rule of law, is sufficiently startling to show its unsoundness. The liability to fire is common to all buildings and at all times. Hence every owner of every building must at all times keep every part of his property, in such condition, that a fireman, unacquainted with the place, and groping about in darkness and smoke, shall come upon no obstacle, opening, machine or anything whatever which may cause him injury. This argument was urged in *Woodruff* v. *Bowen*, 136 Ind. 431; but the court said: "We are of the opinion that the owner of a building in a populous city does not owe it as a duty at common law, independent of any statute or ordinance, to keep such building safe for firemen or other officers, who, in a contingency, may enter the same under a license conferred by law."

Undoubtedly the plaintiff in this case had the right to enter the defendants' premises, and the character of his entry was that of a licensee. Cooley on Torts, * 313. But no such duty as is averred in this declaration is due from an owner to a licensee. This question is discussed in the case just cited, as also in many others. For example, in *Reardon* v. *Thompson*, 149 Mass. 267, Holmes, J., says: "But the general rule is that a licensee goes upon land at his own risk, and must take the premises as he finds them. An open hole, which is not concealed otherwise than by the darkness of the night, is a danger which a licensee must avoid at his peril." So in *Mathews* v. *Bensel*, 51 N. J. Law, 30, Beasley, C. J., says: "The substantial ground of complaint laid in the count is, that the defendants did not properly construct their

planer, and, being a dangerous instrument, did not surround it with proper safeguards. But there is no legal principle that imposes such a duty as this on the owner of property with respect to a mere licensee. This is the recognized rule. In the case of *Holmes* v. *Northeastern Railway Co.*, L. R. 4 Exch. 254, 256, Baron Channell says : 'That where a person is a mere licensee he has no cause of action on account of the dangers existing in the place he is permitted to enter.'" In *Parker* v. *Portland Publishing Co.*, 69 Me. 173, this question is fully examined, the court holding it to be well settled, if the plaintiff was at the place where the injury was received by license merely, that the defendant would owe him no duty and that he could not recover. See also *Indiana, etc., Railway Co.*, v. *Barnhart*, 115 Ind. 399 ; *Gibson* v. *Leonard*, 37 Ill. App. 344 ; *Bedell* v. *Berkey*, 76 Mich. 435.

There is a clear distinction between a license and an invitation to enter premises, and an equally clear distinction as to the duty of an owner in the two cases. An owner owes to a licensee no duty as to the condition of premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm ; while to one invited he is under obligation for reasonable security for the purposes of the invitation. The plaintiff's declaration does not set out a cause of action upon either of these grounds, and the cases cited and relied on by him fall within the two classes of cases described, and mark the line of duty very clearly. *Parker* v. *Barnard*, 135 Mass. 116, was the case of a police officer who had entered a building, the doors of which were found open in the night time, to inspect it according to the rules of the police department, and fell down an unguarded elevator well. A statute required such wells to be protected by railings and trap doors. Judgment having been given for the defendant at the trial, a new trial was ordered upon the ground of a violation of statute. The court says : "The owner or occupant of land or a building is not liable, at common law, for obstructions, pitfalls, or other dangers there existing, as, in the absence of any in-

ducement or invitation to others to enter, he may use his property as he pleases. But he holds his property 'subject to such reasonable control and regulation of the mode of keeping and use as the Legislature, under the police power vested in them by the Constitution of the Commonwealth, may think necessary for the preventing of injuries to the rights of others and the security of the public health and welfare.'" Then, likening the plaintiff to a fireman, the court also says: "Even if they must encounter the danger arising from neglect of such precautions against obstructions and pitfalls as those invited or induced to enter have a right to expect, they may demand, as against the owners or occupants, that they observe the statute in the construction and management of their building." In *Learoyd* v. *Godfrey*, 138 Mass. 315, a police officer fell down an uncovered well in or near a passage way to a house where he was called to quell a disturbance of the peace. A verdict for the plaintiff was sustained upon the ground that the jury must have found that the officer was using the passage way by the defendant's invitation and that the evidence warranted the finding. *Gordon* v. *Cummings*, 152 Mass. 513, was the case of a letter carrier who fell into an elevator well, in a hallway where he was accustomed to leave letters in boxes put there for that purpose. The court held that there was an implied invitation to the carrier to enter the premises. In *Engel* v. *Smith*, 82 Mich. 1, the plaintiff fell through a trap door left open in a building where he was employed. The question of duty is not discussed in the case but simply the fact of negligence. In *Bennett* v. *Railroad Co.*, 102 U. S. 577, the plaintiff, a passenger, fell through a hatch hole in the depot floor. The court construed the declaration as setting out facts which amounted to an invitation to the plaintiff to pass over the route which he took through the shed depot where the hatch hole was.

In the present case the plaintiff sets out no violation of a statute, or facts which amount to an invitation, and, consequently, under the well settled rule of law, the defendants were under no liability to him for the condition of their

premises or the packing of their merchandise. The demurrer to the declaration must therefore be sustained.

*Walter B. Vincent & Amasa M. Eaton,* for plaintiff.

*William G. Roelker,* for defendants.