VIRGINIA D. GLENN et al., Respondents, *v.* OAKDALE CONTRACTING COMPANY, INC., Appellant, Impleaded with Another.

498

(Argued October 20, 1931; decided November 24, 1931.)

*James I. Cuff, Harold V. Angevine* and *Grattan B. Shults* for appellant. The plaintiff failed to establish any negligence on the part of the defendant-appellant and the complaint should have been dismissed. (*Fithian Contracting Co. v. Degnon Contracting Co.*, 175 App. Div. 386; *Schmidt v. City of New York*, 179 App. Div. 667; 228 N. Y. 572; *Dwyer v. Neckerman Co.*, 223 App. Div. 39; *Derby v. Degnon-McLean Contracting Co.*, 112 App. Div. 324; 188 N. Y. 631; *Maloney v. Bradley Contracting Co.*, 84 Misc. Rep. 452; *McHugh v. Consolidated Gaslight Co.*, 86 Misc. Rep. 327; *Carr v. Degnon Contracting Co.*, 48 Misc. Rep. 531; *Beltz v. City of Yonkers*, 148 N. Y. 67.) The trial court erred in its charge to the jury that the defendant was not entitled to notice of the defect complained of, and in denying defendant's requests for instructions on the question of notice. (*Fithian v. Degnon Contracting Co.*, 175 App. Div. 386; *Schmidt v. City of New York*, 179 App. Div. 667; 228 N. Y. 572.)

*D. Francis Searle* and *James J. Sullivan* for respondents. There is no error in the charge that appellant had knowledge of the condition it created. (*Becker v. Liscio*, 223 App. Div. 698; *Brown v. G. R. Co.*, 236 N. Y. 271; *Mar-*

*mur* v. *R. C. Co.*, 167 N. Y. Supp. 850.) There was no prejudicial error in the qualification that the degree of care was the same as that of the city if it, instead of the defendant-appellant, were doing the work. (*Minton* v. *City of Syracuse*, 172 App. Div. 44; *Jones* v. *City of Binghamton*, 198 App. Div. 183; *Stedman* v. *City of Rome*, 88 Hun, 279; *Tabor* v. *City of Buffalo*, 136 App. Div. 260; *Riddle* v. *Village of Westfield*, 65 Hun, 432; *Loreto* v. *City of New York*, 148 App. Div. 721; *Brusso* v. *City of Buffalo*, 90 N. Y. 679.)

O'BRIEN, J. Defendant Oakdale Contracting Company, under contract with the city of New York, constructed a section of subway railroad beneath Seventh avenue. Above the excavation and flush with the surface of the street it built a temporary roadway consisting of heavy planks fastened by long spikes to transverse joists. On conflicting evidence the jury found that plaintiff Virginia Dyer Glenn in crossing this planking caught her foot on one of these spikes which protruded above the surface and that she received injuries to her person. The evidence was such as to warrant the jury in finding that the decking was built in accordance with approved methods of subway work and that the entire structure including the spikes and nails was patroled and inspected by two employees of defendant. The court charged that the jury was not to consider any question in relation to the sufficiency of the construction of the planking and, over objection and exception, that the only issue in the case was whether the nail or the cluster of nails was protruding in such a way as to cause the accident. No testimony tends to prove the length of time previous to plaintiff's injury during which the spike protruded, but the court refused to instruct that, before plaintiff could recover, evidence of the existence of the defect for a sufficient length of time to charge defendant with actual or constructive notice was necessary. We think the

refusal to charge this request, when considered in relation to the issue as narrowed by the court, constitutes error and requires a reversal.

This temporary planking, if adequately constructed, is not a nuisance. For failure properly to maintain it, the city of New York, in the absence of notice of some defect, would not be liable for negligence. The same rule applies to the contractor. (*Schmidt* v. *City of New York*, 179 App. Div. 667; affd., 228 N. Y. 572.) Respondents invoke the principle represented in such decisions as *Storrs* v. *City of Utica* (17 N. Y. 104); *Brusso* v. *City of Buffalo* (90 N. Y. 679) and *Wilson* v. *City of Troy* (135 N. Y. 96). Those cases govern facts where a municipality has created an unsafe condition, usually an unguarded excavation, but they do not control a situation where the act in locating a bridge for pedestrians as a temporary substitute for a sidewalk or, as in this case, planking in lieu of a permanent pavement does not in itself cause a deviation from a reasonably safe condition. The planking, if strongly and prudently constructed, is not required to equal in safety and convenience the pavement which had been removed. (*Nolan* v. *King*, 97 N. Y. 565, 571.) The evidence before us tends to prove that the decking was built according to approved methods and that the ordinary wear and tear to the street by the passage of heavy trucks caused the spike to protrude.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., LEHMAN and KELLOGG, JJ., concur; POUND, CRANE and HUBBS, JJ., dissent.

Judgments reversed, etc.