WALTER SATRE, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, December 23, 1942.

*Denis M. Hurley* of counsel (*John J. M. O'Shea, James J. Manogue* and *William J. Trenkle* with him on the brief), for appellant.

*Fred Iscol* of counsel (*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*), for respondent.

CALLAHAN, J. Plaintiff sued to recover damages for personal injuries sustained on November 28, 1939, at about ten P.M. when he fell over an iron girder extending partly across the sidewalk of a city street. The action, founded in negligence and nuisance,

was tried on the theory that on the day in question defendant was installing new curbing at the site of the accident. The so-called " girder " was in fact a metal curbing awaiting installation.

The dismissal of the complaint at the close of the plaintiff's case was based on the failure of the plaintiff to prove actual or constructive notice to the city of the alleged dangerous condition.

Defendant concedes that had it been in control of the work and created the condition which caused plaintiff's injury, no proof of notice would be required. It now attempts to sustain the dismissal upon the ground that it did not control or supervise the work under construction, but that said work was being carried on by a public agency (Works Progress Administration) in the capacity of an independent contractor. We think this contention comes too late when it is made for the first time on appeal. If that ground had been urged at the trial, plaintiff might have supplied proof as to who was doing the work, or as to the relation of the agency to the city in performing same.

Even if we assume that the work involved herein was being performed by an independent contractor acting for the city, or with its approval, this would not necessarily absolve the city from all liability. " When one undertakes work in a public highway which, unless carefully done, will create conditions which are dangerous to members of the public using the highway, in the usual and ordinary manner, he is under a duty to use requisite care. That duty cannot be delegated." (*Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217, 221.) Concededly the defendant city is charged with the duty of keeping its streets reasonably safe for pedestrians. It, therefore, remains liable for dangers inherent in the work to be performed in repairing a street although it employed an independent contractor to do such work. (*Storrs* v. *City of Utica*, 17 N. Y. 104.) The distinction between the things for which the city would remain liable, and the collateral acts of negligence of the contractor for which it would not be liable, is that the former involves dangers which would be inherent in the work contracted for and which might reasonably be expected, and the latter would involve acts of negligence collateral to the work undertaken which could not be foreseen and guarded against. (*Boylhart* v. *DiMarco & Reimann, Inc., supra.*) Among the inherent dangers for which the city would be liable would be those arising from failure to light or guard an obstruction maintained in a street upon which the contractor was working where that street was kept open to

traffic during the performance of the work. (*Storrs* v. *City of Utica, supra.*)

We need not determine at this time whether the alleged acts of negligence complained of by plaintiff herein were dangers inherent in the work, or merely collateral acts in the performance of the work. At least to the extent that the highway was rendered dangerous to traffic by a lack of warning light, or failure to adequately guard, liability would exist on the part of the city. Determination of the issue as to the nature of the danger, if any existed, might well present a jury question. Notice would not be essential if a nondelegable duty were violated in doing work authorized by the city.

The situation here is not analogous to that involved in *Glenn* v. *Oakdale Contracting Co., Inc.* (257 N. Y. 497), where a temporary pavement, properly constructed, subsequently became out of repair. In such a case notice would be requisite the same as in any other action involving disrepair of the highway.

As a new trial is being ordered, we wish to indicate a further error appearing in the present record. The trial court stated that although there was some proof of the existence of an alleged dangerous condition herein for some days prior to the occurrence of the accident, this proof was destroyed by plaintiff's testimony, which was contradictory thereof. If the premise stated had been correct, that ruling would have been error, for plaintiff was entitled to the benefit of the most favorable inference that might be drawn from his whole case. We find, however, that the testimony mentioned by the trial court was contained in a writing signed by a witness called by plaintiff (Plaintiff's Exhibit 13). This document was introduced by plaintiff, pursuant to the provisions of section 343-a of the Civil Practice Act, to establish a prior inconsistent statement. Such contradictory written statements are said to have no substantive or independent testimonial value. (See *Matter of Roge* v. *Valentine*, 280 N. Y. 268, 276.) It is doubtful, therefore, whether the exhibit, standing alone, would be affirmative proof of notice. We do not determine the question as to whether the remaining proof introduced on the present trial was sufficient to establish constructive notice.

The judgment should be reversed and a new trial ordered with costs to the appellant to abide the event.

UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to affirm upon the ground that there is no evidence in the record that the work was being done by the City of New York. If it was being done by an independent con-

tractor, notice of the defective condition must be shown. (*Glenn v. Oakdale Contracting Co., Inc.,* 257 N. Y. 497; *Dirrane v. City of New York,* 240 App. Div. 368.)

Judgment reversed and a new trial ordered with costs to the appellant to abide the event.