DOMENICO PREVITE *et ux. vs.* WANSKUCK COMPANY.

JULY 30, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence brought under the death by wrongful act statute to recover damages for the death of the minor son of plaintiffs, who are his surviving parents and the only persons for whose benefit the action is brought. General laws 1938, chapter 477. The case was heard in the superior court on defendant's demurrer to plaintiffs' second amended declaration. The trial justice sustained the demurrer on all grounds and the case is here on plaintiffs' bill of exceptions to that decision.

The declaration contains two counts. The first alleges in substance that defendant owned and controlled a semi-artificial pond in the city of Providence known as Leonard's Pond and also certain land surrounding the same; that it knew that trespassers were frequently at such pond and that many children who had trespassed there had been drowned; that it was the duty of defendant not to be guilty of wanton misconduct toward any trespassing children of tender years and to anticipate the presence of such children who might drown in such pond; that although knowing that trespasses by children were frequent there and many children had previously been drowned in the

pond it wantonly failed to anticipate the presence of plaintiffs' son at that place; and that on August 16, 1950 as a result of defendant's above-described wanton misconduct plaintiffs' son aged six, who was a trespasser at said pond, drowned therein.

The second count after setting out the same introductory statements as in the first count avers that for more than twenty years members of the public acquired by adverse user the right to swim in such pond and to travel to and from it and over the adjoining land; that plaintiffs' son drowned in the pond while in the exercise of due care; that it was the duty of defendant to use due care in having reasonable supervision and protection for members of the public and children who might swim in the pond or play near by; and that defendant negligently and carelessly failed to provide such supervision and protection to members of the public and children, with the result that plaintiffs' son while playing near such pond fell into it and was drowned as a result of defendant's negligence.

The defendant's demurrer to each count of the declaration contains six grounds. It is specifically alleged in the first count that plaintiffs' deceased son was a trespasser. The plaintiffs admit that in the ordinary case under the established law in this state no duty is owed a trespasser by a landowner except to refrain from injuring him wantonly or wilfully after discovering his peril. There is in the first count an allegation that defendant breached its duty because it wantonly failed to anticipate the presence of plaintiffs' son at the pond although knowing that many children had previously been drowned there. However, there is no averment that defendant had actual knowledge that plaintiffs' son was at or near the pond. In our judgment the facts set out do not constitute a sufficient charge of wanton misconduct on the part of defendant toward said child. In the circumstances as alleged by plaintiffs we see no legal duty imposed on defendant to anticipate the presence of

plaintiffs' son as a trespasser on its property. See *New England Pretzel Co.* v. *Palmer,* 75 R. I. 387, 394.

The plaintiffs also urge that the above rule of law in regard to the duty of a landowner toward a trespasser should not be applied to children of tender years. Upon consideration we are unable to agree with plaintiffs that our well-established principle of law should be changed in that respect. In our opinion the first count in the declaration is substantially an attempt to bring this case within the doctrine of certain so-called "attractive nuisance" cases which this court has heretofore declined to follow. *Plante* v. *Lorraine Mfg. Co.,* 78 R. I. 505, and *Paolino* v. *McKendall,* 24 R. I. 432. In the opinion in the latter case, among other statements, the following language is quoted with approval at page 436: "A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability * * *." We find nothing in the allegations of the first count of the declaration which impels us to now overrule those cases and to apply the doctrine of certain "attractive nuisance" cases as suggested by plaintiffs' argument.

The second count avers in substance that defendant had the duty, in the circumstances alleged, to use due care in having reasonable supervision and protection for members of the public and children who might swim in the pond or play near by but that defendant breached its duty in that respect. The plaintiffs argue that the allegations in the above count in effect amount to an averment that their son was an invitee and not a trespasser on defendant's land. However, the reference in the count to the fact that the child acquired his rights through adverse user by the public seems contrary to the claim that he was an invitee of defendant either express or implied.

Furthermore in *Roe* v. *Narragansett Electric Co.,* 53 R. I. 342, the fact that defendant did not take active steps to prevent the use of its premises for a certain purpose was held as not amounting to an invitation to use them for that

purpose. The second count also does not allege in terms that plaintiffs' son was expressly or by implication invited onto the premises in question by defendant. In our judgment there are insufficient facts set out in such count to warrant a holding that in the circumstances plaintiffs' son was an invitee on defendant's land.

Upon consideration we are of the opinion that neither count of the declaration states a cause of action against defendant and that the decision of the trial justice sustaining the demurrer to each count of the second amended declaration was without error.

The plaintiffs' exception is overruled, and the case is remitted to the superior court.

*John Quattrocchi, Jr.,* for plaintiffs.

*Swan, Keeney & Smith, John B. Dillon, Frederick W. O'Connell,* for defendant.