ARTHUR COIA *vs.* EASTERN CONCRETE PRODUCTS CO., INC.

DECEMBER 31, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Roberts, J. This is an action of trespass on the case for negligence brought by the plaintiff to recover for injuries sustained when he fell from a defective ladder while attempting arbitration of a labor dispute.

The case was tried before a justice of the superior court sitting with a jury. At the conclusion of the trial the court denied the defendant's motion for a directed verdict and submitted the case to the jury which returned a verdict for the plaintiff in the amount of $2,500. The plaintiff and the defendant each moved for a new trial, and the trial justice denied the defendant's motion and granted that of the plaintiff on the question of damages only unless the defendant filed an additur of $1,400. The case is before this court on the defendant's exceptions to the denial of its motion for a directed verdict, to the denial of its motion for a new trial, to the granting of plaintiff's motion for a new trial, and also to portions of the charge of the trial justice to the jury.

From evidence which is not substantially disputed it appears that during November 1952 the defendant corporation was engaged as a subcontractor constructing concrete roofs on warehouses located at the naval station in West Davisville. On November 21, 1952 defendant was engaged in roofing warehouse No. 3 and had several employees on the roof thereof. The means of access to this roof from the ground was a wooden ladder which was placed against a wall of the warehouse. The plaintiff described the ladder as one of a type that is customarily built by an employee

of the contractor and used on construction jobs. As to the particular ladder, the stiles were described as timbers four inches by four inches and the rungs as pieces of wood four inches wide, fifteen inches long, and one inch thick.

The plaintiff is the business agent for a laborers' union, members of which were engaged in working for defendant on the warehouse roof. On November 21, 1952 plaintiff in the course of his business conferred with a representative of defendant and several of the members of his union on the roof of warehouse No. 3, having gone to the roof by means of the ladder above described. The testimony is that plaintiff was invited to confer with the men on the roof but there is a conflict on the matter of whether he was called by the general contractor or the defendant. According to plaintiff's testimony, at the close of the conference he descended the ladder until he reached the second rung from the ground, but when he stepped on that particular rung it broke and he fell the remaining distance to the ground.

The defendant took exception to the denial by the trial justice of its motion for a directed verdict. The defendant's first contention in support of this exception is based upon an assumption that there was no evidence introduced in the plaintiff's behalf from which a jury could find that plaintiff was an invitee to whom defendant owed a duty of exercising reasonable care. We cannot agree with this contention. An examination of the transcript makes it clear that there is evidence from which the jury could have found that this plaintiff was an invitee.

The defendant further contends that there is no evidence of negligence on its part and that for such reason a verdict should have been directed in its behalf. We do not agree with this contention. The defendant in substance is stating that unless a plaintiff establishes by direct evidence the negligence of the defendant, the case should be withdrawn from the jury. It is not always necessary to prove the negligence of a defendant by direct evidence. This court has

recognized the rule that we will not presume negligence from the mere happening of an accident. *Kilgore* v. *Shepard Co.,* 52 R. I. 151. But we have also recognized the proposition that a defendant's negligence may be established by proof that the instrumentality causing the injury was within the exclusive management and control of the defendant and that the accident was of such a nature that it would not have happened in the ordinary course of events without negligence. *Eaton Realty Co.* v. *Petroleum Heat & Power Co.,* 77 R. I. 345, 348.

In the instant case there was evidence that the ladder involved was under the exclusive control of defendant; that its attention had been directed to the worn and damaged condition of the ladder; that it had made minor repairs to the ladder; that plaintiff was unaware of any defect; and that the rung in question broke under the plaintiff's weight when he stepped on it. In our judgment this does not constitute an application of the doctrine of *res ipsa loquitur* to this case, the theory of exclusive control being clearly distinguishable from that doctrine. In view of our well-established rule that a trial justice on a motion for a directed verdict must view the evidence in the light most favorable to the plaintiff, we are of the opinion that the trial justice did not err in submitting the instant case to the jury. *Hevey* v. *Vieira,* 84 R. I. 59, 121 A.2d 657. The defendant's exception to the denial of its motion for a directed verdict is overruled.

The defendant also took exceptions to that portion of the charge of the trial justice wherein he instructed the jury with respect to defendant's liability and ownership of the ladder. Furthermore, it urges that his charges that it made no difference who owned the ladder, and whether defendant was the owner or not it was obligated to keep it in repair are prejudicial. The precise language of the trial justice in so instructing the jury is as follows: "Now if this defendant provided that ladder—whether this defendant owned it

or not—so that people could go to that roof and come down from that roof, and this plaintiff was one of the persons who was expected to use that ladder to get to the roof or come down from the roof then the defendant would be responsible for the condition of that ladder whether it owned it or not, and the defendant would—the defendant's responsibility is to use due care that that ladder is in proper condition for the use to which it is to be put." It is apparent, when the language of the trial justice is examined in context, that the portion of the charge objected to is not prejudicial. The jury was instructed that if they found this defendant had provided the ladder for the use of invitees to ascend and descend from the roof, the question of ownership was immaterial and that the real question was whether defendant had the duty to keep the ladder in reasonable repair for such use. We find no error in this charge. These exceptions are overruled.

The defendant also took exception to the instruction of the trial justice to the jury that it was to "disregard completely the fact that the plaintiff was paid by his employer during the period that he was ill or laid up following this accident." We perceive no error in this instruction, it being the established law in this state that in the absence of a statute to the contrary the amount of recovery from the third person who is responsible for a plaintiff's injury is not to be affected by the receipt by the plaintiff of wages or salary from his employer during the period of his injury. *Perry v. New England Transportation Co.*, 71 R. I. 352, 359.

The defendant also took exception to that portion of the charge which reads as follows: "The testimony of Mr. Hass was that he took that cross piece away and that he gave it to the president of the defendant. He does not know where it is, and that's the last we hear of it. Now the production of that piece of wood might have been very material. Had it been produced here we would have seen how it broke; we would have seen whether it broke in the middle or at a place

where it was worn. We would have seen whether it broke at points where it was nailed to the side members of the ladder; in fact, it would have disclosed a great deal that might be helpful in the ultimate decision as to the cause of the break and fall. Now·the defendant has not produced that piece of wood. You may draw such fair inferences as you desire from the failure to produce that piece of wood. The last evidence of it comes from the defendant's own side of the case. Hass said he gave it to the president of the defendant."

The defendant correctly states the law as imposing the burden of proof in this type of case on the plaintiff, requiring him to prove the negligence of the defendant, and that the defendant is not required to do anything to assist the plaintiff in sustaining the burden of proof. The defendant contends that the above-quoted instruction to the jury, that it may draw adverse inferences on defendant's failure to introduce the broken rung, has the effect of requiring it to assist the plaintiff in establishing the precise negligence of defendant.

Conceding that the burden of proof is always on the plaintiff, we cannot agree with defendant's conclusion that the above charge was prejudicial. We have here a situation in which plaintiff has shown that he was injured by reason of the breaking of a rung in a ladder which he was descending; that the ladder was under the exclusive management and control of defendant; and that it provided this ladder for the use of invitees on its premises and had notice of the condition, whereas plaintiff had no notice of the defect and was exercising the ordinary care of one in those circumstances. The plaintiff has thereby made out a prima facie case of negligence.

In such circumstances it becomes the duty of defendant to offer evidence in defense and to proceed with the introduction of evidence which will tend to explain the accident and negative the imputation of negligence to defendant.

This is not to shift the burden of proof from the plaintiff but is to impose a duty on the defendant to produce explanatory evidence when a prima facie case of negligence has been made out against it. *O'Donnell* v. *United Electric Rys.*, 48 R. I. 18, 22. In the instant case, when the trial justice instructed the jury with respect to defendant's failure to produce the broken rung, which the uncontradicted evidence shows had been placed in its custody, he was in effect instructing the jury that it could draw reasonable inferences from this failure to go ahead with the production of evidence, a charge that is consistent with the law as we have stated it above. This exception is overruled.

We will now consider defendant's exception to the denial of its motion for a new trial, which motion was made on the customary grounds. The argument of defendant in support of this motion is substantially the same as that made to support its contention that the trial justice erred in denying its motion for a directed verdict. The substance of that argument was that there was no evidence of negligence on the part of defendant. This contention, in our opinion, is answered by the law stated in *Eaton Realty Co.* v. *Petroleum Heat & Power Co.*, supra.

It is our well-established practice not to disturb the decision of a trial justice denying a motion for a new trial when it appears that he exercised his independent judgment, did not misconceive or overlook any material evidence, and found that the verdict did justice between the parties. *Park Construction Co.* v. *Moran*, 74 R. I. 149. The decision of the trial justice, delivered orally from the bench, was brief but in our opinion it was sufficiently comprehensive to show that he performed the duty incumbent upon him. This exception is overruled.

The defendant also took exception to the decision of the trial justice granting plaintiff's motion for a new trial on the question of damages only unless an additur in the amount of $1,400 was filed by defendant. We have exam-

ined the decision and are of the opinion that he erred in granting the motion for a new trial conditioned on the filing of the additur. It is clear from his language that he reached this decision because he was convinced that the jury had failed to include in its award of damages to plaintiff the sum of $1,400 which represented his loss of wages as the union's business agent. Such conclusion was pure conjecture on the part of the trial justice. On the other hand if we disregard the trial justice's doubtful reasoning and weigh the evidence independently according to the appellate court rule, we cannot say that the great weight of the evidence required such additur. In other words, in our opinion the verdict of the jury is not contrary to the great weight of the evidence.

The defendant's exception to the granting of the plaintiff's motion for a new trial is sustained, all its other exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict.

*Edward I. Friedman, Vincent J. Chisholm,* for plaintiff.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.