SAL'S FURNITURE CO., INC. *vs.* SAMUEL PETERSON.
SAMUEL PETERSON *vs.* SAL'S FURNITURE CO., INC.

JULY 25, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

204

Roberts, J. These are two actions in assumpsit, one brought by a vendor to recover damages for breach of a contract for the sale and purchase of goods and the other brought by the vendee to recover part payments made to the vendor under the contract. The cases were heard together in the superior court by a justice thereof sitting without a jury. In the case brought by the plaintiff vendor, the decision of the trial justice was for the plaintiff in the amount of $158 and costs. In the case brought by the plaintiff

vendee, the decision was for the defendant with costs. Each case is before this court on the vendee's exception to the decision of the trial justice.

It appears from the testimony, which is substantially undisputed, that Samuel Peterson, hereinafter referred to as the vendee, planned to be married on June 6, 1954. In the process of furnishing his home, he ordered from Sal's Furniture Co., Inc., hereinafter referred to as the vendor, a rug on February 8, 1954. On February 15 he ordered a chrome set, a divanola set, and a refrigerator. There is no dispute that the vendee paid the vendor on account a total of $180.

There is conflicting testimony with regard to the circumstances under which the vendee ordered certain linoleum from the vendor. According to the testimony of the vendee, he discussed the purchase of the linoleum with the vendor's salesman on February 15 and was given an estimate as to price on March 1, at which time he testified he ordered the linoleum, informing the vendor that he wanted delivery by the last week in May. According to the vendee, the salesman told him that he could make delivery within that time. The testimony for the vendor concerning the linoleum is somewhat confused, but in substance it appears that the salesman is claiming that the linoleum was not ordered until sometime in May 1954, when he gave an estimate of the cost thereof to the vendee. The salesman states that late in May the vendee instructed him to procure the linoleum on which he had given the estimate. He ordered it from the distributor but was advised that they were out of that pattern, and he testified that he so informed the vendee, who said that he would wait another week.

It is not disputed that early in June the vendee and his father-in-law conferred with the salesman concerning the availability of the linoleum which the vendee claims he ordered. According to the vendee, the vendor's salesman in-

formed him that he would be unable to deliver the linoleum and that the vendee thereupon, at the suggestion of his father-in-law, canceled the order. According to the testimony of the salesman, the only direction to cancel the order at this conference came from the father-in-law, and the vendee did not instruct the vendor to cancel the order.

The vendor brought its suit on a contract which included the transactions involving the ordering of the rug, the chrome set, the divanola set, and the refrigerator, taking the position that the transaction involving the order for the linoleum was separate and distinct from that involving the above-enumerated items. The vendee, however, contends that his orders for the various articles of furniture, including the linoleum, constituted an entire contract and that time was of the essence thereof. He therefore contends that the failure of the vendor to deliver the linoleum prior to June 6, as he claims was agreed, excused the vendee's performance under the contract.

We have here a case in which the trial justice, sitting without a jury, reached a decision based upon conflicting evidence. We have repeatedly held that in such circumstances his decision will be given great weight and that it will not be disturbed by us unless it is clearly wrong and fails to do justice between the parties. *Vitullo* v. *Ambrosino,* 78 R. I. 354, 357. With this rule in mind we have carefully examined the record and the transcript of testimony with a view to determining whether the trial justice overlooked or misconceived any material evidence.

In the state of the pleadings here, consideration must first be given to the question of whether the transactions between these parties constituted one entire contract or several contracts. In other words, was the transaction involving the purchase of linoleum an inseparable part of the contract between the parties? It is too well established to require citation of authority that the intent of the parties is controlling on the question of whether several successive

transactions shall constitute one entire contract or several contracts. In the instant case the evidence on this point is conflicting. The trial justice in his decision said with reference to this question of whether the contract upon which suit was brought included the transaction involving linoleum: "It seems to me that the order was given here sometime prior to when the floor covering was even mentioned * * *." When we read this language in the context in which it appears, we are persuaded that the trial justice found that the parties did not intend that the transaction involving the linoleum was to be included with the other transactions in one single entire contract.

In the state of the evidence here we cannot say that this finding was against the evidence or the weight thereof. The effect of the finding is to make immaterial evidence introduced at the trial relating to the issue of whether the parties intended to fix a time limitation for the delivery of the linoleum. In other words, the next important question is whether the parties made time of the essence of the contract for the purchase and sale of the rug, chrome set, divanola set, and refrigerator.

We subscribe to the proposition that ordinarily contract provisions relating to time do not by their mere presence in an agreement make time of the essence thereof so that the breach of the time element will excuse nonperformance by the other party. We recognize, however, that the parties to a contract have the right to make time of the essence thereof. *Hicks* v. *Aylsworth*, 13 R. I. 562. That the parties to a contract intended to make time of the essence may appear by express stipulation therein or it may be found in the nature or purpose of the contract or in the circumstances under which it was made. There must, however, be some evidence from which such intent can be ascertained, and the party contending that time is of the essence of the contract has the burden of proof thereon.

The decision of the trial justice in the instant case is for

the vendor and implicit therein is a finding either that the parties did not make time of the essence or that, if they did, the vendor did not default the time element so established. There is no evidence that the parties agreed expressly that the articles ordered were to be delivered on or before the wedding date of June 6. It is not disputed that the vendor was aware that the vendee was to be married on June 6 and that the articles of furniture he was ordering were intended to furnish his marital domicile. However, no authority has been cited for the proposition that mere knowledge by a vendor of a vendee's intent to change his personal status in the future is a circumstance from which it may reasonably be inferred that it was intended that the merchandise ordered was to be delivered on or before that time and thereby make time of the essence of the contract.

The evidence is again conflicting with respect to the question of whether the vendor defaulted if time was of the essence of this contract. The vendee attempts to buttress his excuse for nonperformance by claiming that he canceled the order. We think, however, that the question of the vendee's right to cancel does not become pertinent until it is made to appear that the vendor had breached the time requirements of the agreement. It is clear in this case that substantially most of the evidence adduced by the vendee on this point relates to whether the vendor could deliver the linoleum, an issue which was not before the court during the trial.

On the other hand, the record reveals evidence from which it reasonably could be inferred that the other articles which make up the subject matter of the contract could have been delivered before June 6 by the vendor if required, and a finding thereunder that the vendor did not breach the time requirements would not be contrary to the weight of the evidence. It is our opinion then that whether the trial justice predicated his decision for the ven-

dor on a finding that the parties did not make time of the essence or that, if they did, the vendor did not breach such time requirements, we cannot say that his decision was clearly wrong.

On our view of the vendor's contentions, we cannot say that the trial justice was clearly wrong in rendering a decision for defendant for costs in the case brought by the vendee to recover his part payment to the vendor.

We have considered the claims made by the vendee with respect to alleged error on the part of the trial justice in assessing damages in the suit of the vendor. They do not appear to us to be meritorious. The first of these contentions is that it was error on the part of the trial justice to assess the damages on the basis of the fair market value of the merchandise on October 14, 1954. It is well settled that the measure of damage in breach of contract cases of this nature is the difference between the market price of the goods at the time of the breach and the contract price. *Consolidated Trimming Corp.* v. *Angelo,* 70 R. I. 275, 279.

The vendee claims that the breach, within the meaning of this rule, took place in early June 1954 when he canceled the contract and that the market price of the merchandise should have been determined as of that time. The evidence of the vendor as to the market price at the time of the breach is admittedly as of October 11, 1954, the date upon which the vendee began suit to recover his part payments to the vendor. There was evidence, not substantially contradicted, that the parties continued to discuss these transactions up to September 1954 and that the vendor did not know that the vendee was repudiating his obligation under the contract until the writ in his suit against the vendor was served. It must also be noted in this regard that the trial justice did not find that the vendee canceled his orders in early June 1954 but only that the vendee's father-in-law, who was not a party to the contract, talked about canceling the contract at that time. In this state of the

evidence we are of the opinion that the trial justice did not err in measuring the damages as of the date of the service of the vendee's writ on the vendor, namely, October 14, 1954.

The other specification of error is based on a claim that the vendor did not dispose of the rug ordered by the vendee at the best available price and therefore failed to mitigate the damages as it was his duty to do. Here again there was a clear conflict in the evidence relating to whether the rug could have been sold, either to the vendee or others, at a price in excess of its market value on October 14, 1954. It appears that the trial justice elected to believe the evidence adduced by the vendor and we cannot say that his finding was against the weight of the evidence.

During the hearing before this court the vendor conceded that the decision in his favor for $158 included sales taxes of $18 levied on the sales involved, and that this amount should be deducted from the verdict.

The exception of the vendee Samuel Peterson in each case is overruled, and the cases are remitted to the superior court with direction to enter judgment for the plaintiff in Sal's Furniture Co., Inc. v. Samuel Peterson, Ex. No. 9712, in the amount of $140 and costs, and for the defendant in Samuel Peterson v. Sal's Furniture Co., Inc., Ex. No. 9713, for costs.

FLYNN, C. J., did not participate in the decision.

*S. Thomas Cotroneo*, for Sal's Furniture Co., Inc.

*William R. Goldberg, Moses Kando*, for Samuel Peterson.