SUSAN RUPP, an Infant, by JANE RUPP, Her Guardian ad Litem, et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY, Defendant, and CITY OF NEW YORK, Respondent. CITY OF NEW YORK, Third-Party Plaintiff, v. MARCAM CONSTRUCTION Co., Third-Party Defendant.—

The infant plaintiff was injured while riding in a bus that was caused to lurch when the street suddenly collapsed under the bus, creating a hole about four feet wide and two or three feet deep. In the vicinity of the accident a storm sewer was being constructed by Marcam as general contractor for the city. The collapse occurred in a portion of the street which Marcam had excavated and in which it had laid sewer

pipe. Marcam back filled the excavation, which was repaved by its subcontractor at least two days before the accident. The City of New York is under a non-delegable duty to maintain its streets in reasonably safe and good condition (*Burke* v. *City of New York*, 2 N Y 2d 90, 95). When repairing a street the city remains liable for dangers inherent in the work to be performed even though it employed an independent contractor to do such work (*Storrs* v. *City of Utica*, 17 N. Y. 104; *Satre* v. *City of New York*, 265 App. Div. 263, 264). Notice is not essential where a nondelegable duty is violated in doing work authorized by the city (*Satre* v. *City of New York*, *supra*). Here the danger of the pavement collapsing because of improper filling or paving was inherent in the work to be performed by Marcam pursuant to its contract with the city. Under these circumstances, notice to the city need not be proved. The city cannot be considered *in pari delicto* with Marcam since the construction work was performed by Marcam or its subcontractor, and not by the city. Hence the judgment over in favor of the city against Marcam was proper (*Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145, 155). However, since the city did not appeal to this court from the order of the Appellate Term and did not file a stipulation for judgment absolute, we cannot reinstate the judgment over in its favor against Marcam but must remit the third-party action to the City Court for appropriate action (cf. *Williams* v. *Western Union Tel. Co.*, 93 N. Y. 162, 193–195). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.