OPINION OF THE COURT
Herbert Kramer, J.
An action was started against the sellers of real property for damages arising out of the sale in New York County, which was dismissed for failure to prosecute. A second action was then brought in New York County for similar relief which is still pending. Subsequently, the instant CPLR article 78 proceeding was instituted against the escrowees seeking an accounting and damages for failure of possession in broom-clean condition. In its previous decision, Matter of Akivis v Brecher (125 Misc 2d 582), this court limited relief to a direction to acknowledge and account for possession and to perform their duties as attorneys, if, as and when determined. An answer and additional affidavits have now been filed.
The contract provides:
“6. (A) Seller shall have Sixty (60) days after closing to remove contents from the building and agrees to leave the building ‘broom clean’ * * *
“(C) To insure seller’s removal from premises within aforesaid sixty (60) day period, they will leave sum of $5000.00 in escrow with Brecher-Yodowitz. If not so removed, commencing with *966 61st day seller shall pay to purchasers Twelve ($12.00) Dollars per day until they remove from premises.”
The petitioner contends that removal (6 [C], contract) is defined in paragraph 6 (A) above and further contends that the escrowee is responsible for all incidental and inherent acts of negligence. The respondents contend that the escrow (6 [C]) is conditioned solely on physical removal without content removal (broom-clean) condition and further that the escrow agreement does not require prior notice of transfer of the escrow funds to any of the parties.
This court holds that the contract requires construction of article 6 as an entirety. Removal in paragraph 6 (C) is not limited to the delivery of the keys or other indicia of possession. It is referable to paragraph (A) which requires the removal of the building contents. Additionally, the contract does not otherwise define removal.
An escrow agent becomes the trustee of both parties after receipt of the funds or instrument in question (Farago v Burke, 262 NY 229). An escrowee is required to hold the funds to insure strict compliance with the condition (Farago v Burke, supra; see also, 28 Am Jur 2d, Escrow, § 21).
Additionally, absent an agreement to the contrary, the escrowee may not await an agreement of the parties of compliance with the condition and may be surcharged for late release of the escrowed item upon such insistence (Lindley v Robillard, 208 Misc 2d 532). An escrowee must make an independent determination of compliance with the condition, except under circumstances where compliance is beyond the escrowee’s ability to do so. In that event he may be required to bring an action for a court determination of compliance (Lindley v Robillard, supra; 30A CJS, Escrows, § 8, at 990, and cases cited therein).
In the case at bar in the answer, the escrowee acknowledged receipt of the fund in his answer and also indicated that he disbursed the fund to the sellers upon receipt of notice of compliance. There is no indication that the attorney made an independent inspection or other valid independent determination of such compliance. This court holds that the attorney is personally responsible for such that an independent inspection would have shown.
If the parties did not physically remove their possession from the premises, the attorney is liable for the lesser of $12 a day until removal, or the cost of removal.
*967 In making that determination, the damages chargeable against the escrowee are limited to those necessarily inherent to the removal.
The employer of an independent contractor is liable for damages caused by negligence necessarily inherent in the nature of the work performed (Rupp v New York City Tr. Auth., 15 AD2d 800). The employer of an independent contractor is not responsible for negligence merely incidental to the work performed {Berg v Parsons, 156 NY 109; Hexamer v Webb, 101 NY 377; Hyman v Barrett, 224 NY 436).
This court holds that the liability of an escrowee is akin to that of the employee of an independent contractor. While this court could hold a hearing as to the various factual issues presented, it declines to do so at this time due to the pendency of the New York County action against the sellers. This court would request the trial court in New York County to make a determination of which of the damages was incidental to the work performed and which was inherent therein. The parties may apply either for judgment upon compliance with the request, or a hearing.