## DESMOND V. BROWN.

1. **Slander:** PLEADING. In an action for slander the defendant may, under section 2929 of the Revision, allege circumstances in mitigation without confessing the speaking of the words, or averring his belief in their truth, or denying malice.

2. —— CONSTRUCTION OF WORDS CHARGED. Words charged as constituting cause of action for slander will be construed in accordance with the sense in which they were intended by the defendant, and understood by the persons who heard them. Following *McCaleb* v. *Smith*, 22 Iowa, 242.

3. —— SPEAKING OF THE WORDS. To constitute slander the slanderous words must have been spoken in the presence and hearing of some person other than the plaintiff.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 9.

ACTION for slander. The defense was in denial, and the answer also contained several counts setting up mitigating circumstances. The plaintiff demurred to each of the counts in mitigation; and the demurrer was overruled. The cause was tried to a jury, who found a verdict for the defendant; but on appeal to this court the judgment thereon was reversed. The case is reported in 29 Iowa, 53. On its return to the district court, the cause was again tried to a jury, and resulted in a second verdict and judgment for the defendant. The plaintiff appeals.

*H. S. McNulty* for the appellant.

*Roberts & Fouke* for the appellees.

COLE, J. — I. The demurrer to the several counts, setting up distinct mitigating circumstances, was grounded
1. SLANDER: upon the objections that they did not confess
pleading. the speaking of the words as charged, nor

deny malice in speaking them, nor aver that defendant believed them true, etc. Doubtless the demurrer would have been well grounded at the common law; but under our statute (Rev., § 2929), "the defendant may allege both the truth of the matter charged as defamatory, and any mitigating circumstances sufficient in law to reduce the amount of damages; or he may allege *either one of these without the other.*" It was therefore proper for the defendant to allege the mitigating circumstances without confessing the speaking of the words; nor was it necessary to deny malice or aver his belief in the truth of the words spoken. The demurrer also assigned the insufficiency of the mitigating circumstances pleaded; but it does not specify wherein, nor is it shown in the argument. It is not necessary for us to set out the various matters and review them, in order to show their sufficiency. We discover no error in overruling the demurrer. *Kinyon* v. *Palmer*, 18 Iowa, 377, and *Beardsly* v. *Bridgman*, 17 id. 290.

II. The petition charges the defendant with having said of the plaintiff that he was a thief, a robber, and a perjurer. The answer, in its several counts in mitigation, shows that the plaintiff and defendant were inhabitants of the same school district, and that, to secure a division of the district, the plaintiff and others had agreed to provide a school-house for the new district, to be created by the division, without any tax upon persons or property not within it; but that, after the division was secured, a tax was levied upon the property of defendant and others, outside the district, to build a school-house — the plaintiff being the assessor for the township. And the defendant avers that what he did say of plaintiff was said in reference to the conduct of plaintiff respecting such division, tax and assessment.

The court instructed the jury, in substance, that if the defendant did not intend to charge the plaintiff with the

punishable crime of larceny, robbery or perjury, but only to state a result of the plaintiff's conduct, etc., then the words were not slanderous, if the persons who heard them understood or knew that the words spoken had reference to such conduct, etc. This is assigned as error. The same general idea is embodied in several of the instructions. In our opinion the instructions were correct. They are in accord with the holding of this court in *Barton* v. *Holmes*, 16 Iowa, 252, and authorities there cited; *McCaleb* v. *Smith*, 22 id. 242. In view of these previous rulings, it becomes unnecessary to discuss the question further in this case.

III. The main witness by whom the plaintiff sought to prove the speaking of the words, testified that she was in an adjoining room to the one the defendant came into, when she heard him say "there were no robbers allowed in his house;" that she did not see the plaintiff, and did not know to whom the defendant spoke, but he did not speak to her. The court instructed the jury, on defendant's motion, "that to constitute slander, the speaking must be in the presence and hearing of some person other than the plaintiff, who understood the words as slanderous," and on motion of plaintiff, the court instructed the jury that "if the slanderous words were spoken in the presence of a third person, that is a sufficient publication." The plaintiff now assigns the giving of the instruction, asked by defendant, as error.

*3. —— speaking of the words.*

If it was intended to be asserted by this instruction that there must be a physical and visible presence at the time the words were uttered, we should be unwilling to affirm that doctrine. But such a construction is not the reasonable one to be put upon the language used. Indeed, there is no essential difference between the two instructions. The uttering of the slanderous words in the presence of a deaf person would not be sufficient to constitute slander. Nor would it constitute slander if the person to whom they were spoken had the faculty of hearing, but by reason of

the tumult or noise could not and did not hear them. The same would be true, if spoken in the visible presence of one who could not hear the words, because of the distance between him and the person speaking. From these illustrations it is apparent that the words should be spoken in the presence and hearing of the witness, that is, the witness should know or have the means of knowing who speaks, what he speaks, and of whom he speaks ; presence and hearing imply these.

If the plaintiff had asked an instruction explaining fully to the jury the legal meaning of the word " presence," as applied to the circumstances of this case, and it had been refused, there might have been some ground for complaint. But we could not reverse, for the giving of the instruction complained of, without denying well-settled and elemental law.

These are substantially all the errors complained of. The verdict was not contrary to the evidence.

Affirmed.