WILLIAM M. ROYSTON, Appellant, v. JOHN H. VANDER LINDEN, Appellee.

**LIBEL AND SLANDER:** Nonpublication. A plaintiff who shows that the slanderous charge hurled at him was not heard by anyone except the plaintiff, successfully shows that he has no cause of action.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

MARCH 11, 1924.

ACTION for slander. The court directed a verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Theodore Mantz* and *Milton Weber,* for appellant.

*Guy Miller,* for appellee.

FAVILLE, J.—Appellant seeks to recover damages from appellee for an alleged slander, it being appellant's contention that appellee accused appellant of stealing an automobile tire belonging to appellee.

It is alleged in the petition that the slanderous words were uttered in the presence and hearing of two parties. Appellant as a witness testified that appellee uttered the alleged slanderous words in the presence of one Pitman, and that he also uttered said slanderous words in the presence of appellant and Pitman at the same time, in a telephone conversation between appellee and one Jeffrey.

In order for appellant to recover, it was necessary for him not only to prove the utterance of the defamatory words by appellee, but also that the same were published. It is elementary that one cannot be liable for slander by the use of defamatory language which is heard only by the party to whom the words refer. There must be also a publication of the alleged defamatory words to some person other than the one who claims to be slandered. Without proof of such publication to some

third party, no recovery can be had for the utterance of defamatory and slanderous words.

Appellant in this action testified, not only that the slanderous words were uttered, but also that they were heard by the two parties referred to, and that, therefore, there was a publication of said words. One of the parties referred to by appellant was present in the office where the conversation in question took place. It appearing from the evidence that said party was within the presence and hearing of appellant, a presumption might arise in appellant's favor that said party heard said slanderous words, and that, therefore, there was publication thereof. In this case, however, appellant produced both of the parties who it is claimed heard the slanderous words, one of whom was present in the office where it is claimed the words were spoken, and the other of whom was not present, but with whom it is claimed that appellee had a conversation over the telephone from the office at said time. Each of said witnesses so produced by appellant testified that they did not hear appellee utter any slanderous or defamatory words of and concerning appellant, as claimed by him. Therefore, by the testimony of his own witnesses, appellant rebutted any presumption that arose from his own testimony that the party who was present in the office and the party who was distant at the telephone heard the alleged slanderous words, and that there was a publication thereof.

It is true, as contended by appellant, that, as a general rule, although there may be a conflict in the evidence in behalf of appellant, and although his witnesses may not all agree in their testimony in regard to the same subject-matter, this does not, in and of itself, prevent the submission of his cause to a jury. But, in a case of slander, it is always essential that publication to a third person must be established by the plaintiff. The wrong lies in the publication of false and defamatory statements of and concerning one person to another; and before there can be recovery, it must be established that there was such publication to some third person who did, in fact, hear the defamatory statement. The presumption that may arise that such defamatory statement was heard by a third person when made in his presence is, of necessity, a rebuttable presumption. In the instant case, appellant, instead of resting on a presumption that might

follow from the state of facts disclosed by his testimony, that the alleged slanderous words, if uttered, were heard by third persons, rebutted said presumption by the introduction of evidence of each of said parties, who denied that they heard any such slanderous statements.

Under this record, as applied to the particular facts of this case, appellant himself successfully rebutted any presumption that arose in his behalf with regard to the publication of the alleged slanderous words, assuming that they were uttered, as claimed. See *Desmond v. Brown*, 33 Iowa 13.

We are confident that the action of the trial court in directing a verdict in behalf of appellee would have to be sustained in any event, upon the theory that the court would not be warranted in permitting a verdict in favor of appellant to stand, upon the evidence in this case, and that there was such an utter want of evidence of any publication of the alleged slanderous words to any third person that a verdict awarding damages in behalf of appellant, if returned by the jury, would not be permitted to stand. The court did not err, upon the record made, in sustaining appellee's motion for a directed verdict, and the action of the court must be, and it is,—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.