ANNA A. NAHIGIAN *vs.* BELCHER & LOOMIS HARDWARE COMPANY.

AVEDICE H. NAHIGIAN *vs.* SAME.

FEBRUARY 26, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   These are two actions of trespass on the case, brought respectively by Anna A. Nahigian and Avedice H. Nahigian, her husband, to recover damages caused by the alleged negligence of the defendant in making repairs to a household electric ironer. Both cases were tried together before a jury in the superior court and, at the conclusion of the plaintiffs' evidence, the trial justice granted a nonsuit of the plaintiff in each case. They are before us solely on the plaintiff's exceptions to these rulings. Since the case of the husband is based upon his wife's right to recover in her own action for personal injuries, we shall consider the exceptions as if only the wife's case was before us.

The declaration was in one count and relied upon a specific charge of negligence. It alleged the purchase of the ironer from the defendant by plaintiff's husband; described generally the construction of some parts essential to its usual operation; and the repair by defendant on several stated occasions of certain pulleys, lines, fasteners and instrumentalities which held in place an iron shoe and prevented it from falling against the roller of said ironer when not in use. It further alleged that it was the duty of the defendant "to then and there use due care in making or attempting to make the repairs aforesaid, so that the said ironer should not thereafter again break down and the said shoe fall down to and against the said roller on the hands of an operator of said ironer and cause injury to the same, through the negligence of the said defendant in making the repairs aforesaid."

It then charged a breach of that duty in that the defendant "then and there negligently and carelessly repaired and fixed said ironer in such a way that said shoe was liable to fall down because of not being sufficiently held in place for the reasons above set forth." Other allegations followed as to the defendant's knowledge or reasonable opportunity to know that the shoe as repaired was thereafter liable to fall down and cause injury to the hands of an operator thereof and that it did so fall upon the plaintiff's hands, burning them and causing the injuries and damage complained of.

At the trial, no question as to the privity of contract between the defendant and the plaintiff was raised by the defendant. Further, the latter admitted in the transcript "that there were repairs made upon the machine" or ironer by defendant's agent on July 7, 1934, August 16, 1934 and December 3, 1934.

The evidence also showed that the ironer was purchased on March 2, 1934; that the last repair was made on December 3, 1934; that thereafter the ironer had worked perfectly and had been used regularly by the plaintiff until April 23, 1935, the date of the accident. There was other evidence tending to show that the repairs made were necessitated largely because the iron shoe dropped automatically upon the roller as soon as the electric cord was plugged in a wall socket.

On the date of the accident, however, the plaintiff testified that she had plugged the cord in the wall socket and had allowed the iron shoe to be heated for some time, during which said shoe remained suspended above the roller; that, having the machine in front of her, she sat down and was smoothing the edges of a heavy towel on the roller, preparatory to beginning the operation of the ironer; that the lever, by which the iron shoe was let down and raised, could be operated by her knee or hand; but that, without any such intervention, or negligence on her part, said heated shoe

automatically dropped upon the roller, catching and burning her hands.

At the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict. The trial justice, however, refused to grant such motion, but he did grant a nonsuit of the plaintiff substantially on the grounds, first, that the evidence did not show that defendant's negligence was the cause of the injury as alleged; and second, that the interval between the last repair and the time of the accident, during which the ironer had worked perfectly, made it unreasonable, as a matter of law, to charge the defendant with negligence as alleged.

We have considered the evidence most favorably to the plaintiff's case and we are of the opinion that the trial justice was not in error in ordering a nonsuit. If we assume that the reasonableness or unreasonableness of the interval of time between the alleged last repair and the accident presented a question of fact for determination by the jury rather than by the trial justice, as plaintiff strongly contends, we nevertheless must sustain the trial justice's ruling upon the other ground.

There was no evidence tending to show the particular nature of the repairs made by the defendant on any of the stated dates; nor is there any tending to show that the repairs on December 3, 1934 were made to the same part or parts which were repaired on either of the previous occasions. Furthermore, there is no evidence tending to show that the defendant's negligence, if any, in making any of the stated repairs, was the proximate cause of the injury. For all that is shown by the evidence in the transcript, the electrically-heated iron shoe may as well have fallen from some other cause, or because of some defect which never before needed any repair and was never actually repaired by the defendant, and for which the defendant would not be liable in contemplation of this declaration.

A plaintiff, relying upon a specific allegation of negligence in making certain repairs, has the burden of establishing that the defendant was negligent in making the alleged repairs and also that such negligence was the proximate cause of the injury. Conceding that proof by circumstantial evidence is admissible to discharge that burden, the resulting inferences must be based on other proven facts. A plaintiff may not rely upon mere conjecture to establish any of the essential elements of the allegations upon which he relied. See *Ziegler* v. *Providence Biltmore Hotel Co.,* 59 R. I. 326; *Misch* v. *Montgomery,* 61 R. I. 345, 353; *Sullivan* v. *Wakefield Water Co.,* 65 R. I. 335, 15 A. 2d. 23. In our opinion the evidence in the instant case fails to show that the alleged negligence of the defendant in making repairs was the proximate cause of the injury. It therefore comes within the law stated in the above-cited cases.

The plaintiff, however, substantially contends that the automatic fall of the iron shoe upon the roller in these circumstances constituted in itself *prima facie* evidence of the defendant's negligence. She concedes that neither the pleadings nor evidence set forth a case that justifies the application of the *res ipsa loquitur* doctrine. But she strongly contends for the application of an extension or modification of that doctrine to this type of case and, in support thereof, relies chiefly upon *Petrarca* v. *Quidnick Mfg. Co.,* 27 R. I. 265, *Minutilla* v. *Providence Ice Cream Co.,* 50 R. I. 43, *Doughnut Machine Corp.* v. *Bibbey,* 65 Fed. 2d. 634, and cases in Massachusetts of which *Chiuccariello* v. *Campbell,* 210 Mass. 532 is an example.

We have examined these and other cases cited and, in our opinion, all of them are clearly distinguishable from the instant case. The *Petrarca* case, *supra,* involved the relationship of master and servant from which special and continuing duties were imposed by law upon the defendant to furnish and maintain reasonably safe machinery and to

inspect for defects naturally and necessarily resulting, or reasonably to be expected, from wear and tear. Further, in that case, control of the instrumentality which caused the accident was clearly in the defendant; and the court's summary of certain evidence, appearing on page 271, shows particular facts from which inferences of negligence could reasonably be drawn, without resorting to mere conjecture. In the instant case, however, there is no such relationship, duty, or control in the defendant; and there is an absence of certain essential facts that were present in the *Petrarca* case.

The case of *Minutilla* v. *Providence Ice Cream Co., supra,* involved the duty owed to a consumer by a manufacturer of ice cream that was intended for human consumption, and was being sold in the original wrapper or package. There was also, among other facts, evidence of the presence in the ice cream of a specific foreign substance, from all of which an inference of negligence could reasonably be drawn. The instant case is clearly distinguishable both as to the duty involved and the evidence.

In *Doughnut Machine Corp.* v. *Bibbey, supra,* which the plaintiff claims is similar to the instant case, there was involved a duty owed by the manufacturer of a doughnut-making machine to the purchaser or lessee thereof, as related closely to the time of purchase. We have found no holding in that case to the effect that the accident in and of itself was evidence of defendant's negligence; or that proof of the accident alone cast upon the defendant the duty of explaining its freedom from negligence as the proximate cause of the injury. Moreover, in that case the court recognized that there was evidence for the plaintiff, including that of an expert witness, which warranted the jury in finding that the broken or faulty adjustment or assembling of the ejector was the proximate cause of the accident. Similar evidence, among other things, is absent in the instant case.

The *Chiuccariello* case, *supra*, relies greatly on *Ryan* v. *Fall River Iron Works Co.*, 200 Mass. 188, and both involved the relation of master and servant. It seems entirely clear to us that any statement therein relating to the unexplained automatic starting of a machine, as being in itself evidence of defendant's negligence, was plainly intended to be predicated upon the non-delegable duties of the defendant, which in those cases flowed from the relation of master and servant.

In the latter case the court expressly wove its discussion of such starting of a machine into the personal duty of the defendant employer to furnish and maintain reasonably safe and proper machinery and appliances; and it pointed out that such duty arose out of the relation of master and servant, could not be delegated, and was a continuing obligation that might require frequent and efficient inspection and repair. It also involved exclusive control of the instrumentality so far as necessary to perform that duty. In the presence of such duties, and with evidence of other circumstances that appeared in those cases, they are clearly distinguishable from the instant case which is based solely on the duty of one who repairs a household appliance and who has no control thereof.

Under the circumstances of the declaration and evidence in the instant case, we are of the opinion that the trial justice did not err in granting a nonsuit of the plaintiff.

In each of these cases the plaintiff's exception is overruled, and each case is remitted to the superior court for entry of judgment on the nonsuit.

*Arthur Cushing, Edward W. Bradford,* for plaintiffs.

*Benjamin F. Lindemuth, John W. Baker, Daniel S. T. Hinman, J. Whitney MacDonald,* for defendant.