## LIBERATORE v. NATIONAL CYLINDER GAS CO., Inc.

No. 61, Docket 22104.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1951.

Decided Jan. 7, 1952.

Desmond & Drury, Buffalo, N. Y., Edward J. Desmond, John E. Drury, Jr., Buffalo, N. Y., of counsel, for plaintiff-appellee.

Dudley, Stowe & Sawyer, Buffalo, N. Y., Roy P. Ohlin, Harold A. Mercer, Buffalo, N. Y., of counsel, for defendant-appellant.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellee, an oxygen therapy technician employed at the Buffalo General Hospital in Buffalo, N. Y., was injured by an explosion through the valve attached to the top of a metal cylinder containing oxygen under twenty-two hundred pounds pressure. The explosion occurred when, after connecting the cylinder for use in the usual manner, he started to release the valve to administer oxygen to a patient, and so injured his left hand that the middle finger had to be amputated. He sued the appellant, a processor of medicinal oxygen and the supplier of the cylinder here involved, to recover his damages, jurisdiction being based upon diversity of citizenship.

The theory of the appellee, supported by substantial evidence, was that the appellant had failed properly to tighten a packing nut which, consequently, did not properly hold the valve in place. The appellant's theory, also supported by substantial evidence, was that the explosion was not so caused but was caused by the presence of some foreign substance in the valve, for which it was not shown to be responsible, which caused friction when the oxygen was released. The appellant further claimed that the appellee was guilty of contributory negligence as a matter of law in that he did not employ a precautionary technique, sometimes used,

for blowing out any foreign substances which may have entered the valve.

Reversal of a judgment on the verdict after a trial by jury is sought on the grounds that appellant's motion to dismiss the complaint for lack of proof of its negligence should have been granted; that the appellee was guilty of contributory negligence as a matter of law; and that it was error to refuse a requested charge concerning inferences which might be drawn by the jury.

 Of course the burden of proving that the appellant was negligent and that its negligence was the proximate cause of the appellee's injury was on the appellee. That burden, however, was sustained *prima facie* by the evidence tending to show the explosion was caused by a failure to guard against a blowing of the valve by securely tightening the packing nut. The installation had been undertaken by the appellant and it was reasonable for the jury to find that it had been negligently performed. If so, it was certainly permissible for the jury to find also that such negligence was the proximate cause of the appellee's injury. Consequently, we cannot hold as a matter of law that the conclusions reached from these reasonable inferences were mere speculation and conjecture. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Tenant v. Peoria & Pekin Union Ry., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520.

 The failure of the appellee to employ the technique for clearing the valve of possible foreign matter before connecting the cylinder for use was not shown to have been more than a failure to do what was sometimes done. It was clearly not contributory negligence as a matter of law. All that the appellant was entitled to was the submission of the issue of contributory negligence to the jury correctly, as was done.

At the end of the charge, the appellant requested further instructions to the jury which the judge denied because they, in effect, went only to the burden of proof. He was clearly right in his interpretation of the request and, since the charge given was adequate and correct, no error appears.

Judgment affirmed.