Anthony A. **PETTELLA**

v.

**UNION CARBIDE CORPORATION.**

**Civ. A. No. 2892.**

United States District Court
D. Rhode Island.

Sept. 1, 1964.

John C. McOsker, Bernard F. McSally, Providence, R. I., for plaintiff.

Guy J. Wells, of Hinckley, Allen, Salisbury & Parsons, Providence, R. I., for defendant.

DAY, District Judge.

In this action the plaintiff seeks to recover for damages to his real and personal property occasioned by fire and alleged to have been caused by the negligence of the defendant. Plaintiff is a citizen of the State of Rhode Island and defendant is a corporation organized under the laws of the State of New York with its principal place of business in that state. Jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount. The action was tried to the Court.

In his complaint, after alleging that on or about December 31, 1959 he purchased from a local distributor of the defendant a tank of acetylene gas which had been filled by the defendant, the plaintiff alleges "that Defendant, its servants or agents in filling said tank with gas under pressure negligently failed to use due care in tightening the fitting of said tank so that gas would not escape and in consequence thereof when on or about January 1, 1960, Plaintiff attempted with due care to light the torch attached to said tank, a large flame shot out setting fire to Plaintiff's house. The Plaintiff being at all times in the exercise of due care."

In its answer defendant denies that it was guilty of any negligence, as alleged by the plaintiff, and asserts that the alleged damages suffered by him were the consequence of his contributory negligence.

Plaintiff testified that on the way to his place of employment on December 31, 1959, he purchased said tank of acetylene gas from Corp Bros., Inc., a local distributor of the defendant's products; that he placed it in his automobile where it remained until the morning of the following day; that he then removed it from his automobile to the third floor of his home in Providence, Rhode Island, where he intended to use it to solder certain jewelry; that in preparation for its use he attached a hose with a torch to the Y valve seated in and extending above the outer surface of the top of said tank, and tightened said hose connection to said valve with a wrench; that he, then struck or tapped said valve to release the gas from the tank and ignited a match to light the gas as it left the torch end of said hose; that immediately he noticed a flame about one inch high, circular in shape, around the base of said Y valve.

He further testified that he became frightened at the sight of said flame, that he left the third floor and went downstairs to tell his wife to call the fire department; that he returned to the third floor in two or three minutes and found the room where he had left said tank to be a "mass of flames". He also testified that he did not detect any odor of acetylene gas in his closed automobile where said tank had remained for more than twenty-four hours, or any such odor as he was preparing to use it.

Plaintiff presented testimony by a representative of Corp Bros., Inc. to the effect that tanks similar to that which it sold to plaintiff were obtained by it from the defendant's plant at Sudbury, Massachusetts, where said tanks were filled by the defendant. Employees of Corp Bros., Inc. would return empty tanks to the defendant and obtain full tanks which were then transported by them by truck to its local plant. These tanks were placed on racks, lying horizontally on each other, and after their arrival in Providence, Rhode Island, were stored in the warehouse of Corp Bros., Inc. until sold. He was unable to testify as to the precise date when the tank involved herein was actually obtained from the defendant. He also testified that employees of Corp Bros., Inc. loaded said filled tanks on its truck. According to his testimony, acetylene gas has a distinct, peculiar odor.

Plaintiff also offered testimony as to an experiment made with a tank similar to that purchased by the plaintiff. The witness who performed this experiment testified that when he loosened said Y valve to a point where gas escaped from the tank and then ignited it there was a flame around said Y valve similar to that described by plaintiff. He also testified that acetylene gas has a "fairly distinctive odor."

Finally, plaintiff offered the testimony of an expert witness who had examined and tested the tank involved herein. He testified that the base of said Y valve, where it fitted into said tank was loose, but stated that he could not determine that this condition was not the result of the fire to which it had been exposed. In his examination he had disassembled said tank and found no defective threads or parts.

In its defense defendant presented testimony as to the construction of its tanks and the method employed by it in refilling them. Its witness testified that in refilling said tanks said Y valve was never loosened or removed and that the acetylene gas was forced into the tank through a hose connected to said valve. He also testified that each tank after being refilled was submerged into a tank of water to detect any possible leaks. He likewise testified that acetylene gas has a distinctive odor—"similar to that of garlic".

It is generally held that ordinarily the mere happening of an accident does not justify an inference that the defendant was negligent and that his negligence proximately caused the injury to the plaintiff. Goyette v. Sousa, 1959, 90 R.I. 8, 153 A.2d 509, 154 A.2d 697; Colgan v. United Electric Railways Company, 1940, 65 R.I. 60, 13 A.2d 385; Kilgore v. Shepard Company, 1932, 52 R.I. 151, 158 A. 720. The burden is upon the

368

plaintiff to establish by a fair preponderance of the evidence that the defendant was negligent and that its negligence was the proximate cause of his damages. While a defendant's negligence may be established by indirect and circumstantial evidence, as well as by direct evidence, the evidence taken as a whole must present sufficient facts and circumstances from which such negligence may fairly and reasonably be inferred. A plaintiff may not rely upon conjecture or speculation to establish the essential elements of his case. Nahigian v. Belcher & Loomis Hardware Co., 1941, 66 R.I. 194, 18 A.2d 388; Kilgore v. Shepard Company, supra.

 In the instant case, plaintiff failed to produce any evidence that said Y valve, or fitting as he described it, was ever loosened by the defendant in connection with the refilling of said tank. On the contrary, the uncontradicted evidence of the defendant established clearly that the process of refilling said tank did not involve any loosening or adjustment of said valve. This evidence also established that the refilling process included the immersion of each tank in water to detect the possible existence of leaks in said tanks.

In addition, there was no evidence from which it could be reasonably inferred that said valve was not securely tightened to said tank when it was delivered to Corp Bros., Inc. at the defendant's plant in Sudbury, Massachusetts.

Similarly, there was no evidence to establish how many days then elapsed before said tank was sold to the plaintiff. However, it is undisputed that after its acquisition by plaintiff it remained in his closed automobile for more than twenty-four hours before he removed it therefrom. He testified unequivocally that he did not detect any odor of acetylene gas in his automobile when he removed said tank therefrom, and that none was noted by him as he was connecting said hose with its torch thereto.

Considering all of the evidence and the reasonable inferences to be drawn therefrom, I am far from satisfied that said

Y valve was not properly secured or tightened when said tank left the possession of the defendant and when it was delivered to the plaintiff. In my opinion a more reasonable inference to be drawn from the evidence is that the plaintiff loosened said valve when, as he testified, he struck it with a wrench to release said acetylene gas into said hose prior to his attempting to light the torch thereon.

The cases of Liberatore v. National Cylinder Gas Co., Inc., 1952, 2 Cir., 193 F.2d 429, and Saganowich v. Hachikian, 1944, 348 Pa. 313, 35 A.2d 343, cited by plaintiff, are clearly distinguishable from the instant case on their facts.

Finding as I do that the plaintiff has failed to establish by the required degree of proof that the defendant was negligent as charged and that its negligence was the proximate cause of the damages sustained by him, judgment will be entered in favor of the defendant.