214·A.2d 197.

CLARENCE GAUDETTE *vs.* MAXWELL R. CARTER.

NOVEMBER 8, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This action of trespass on the case for slander was tried before a justice of the superior court sitting with a jury. After completion of testimony by both parties the trial justice granted the defendant's motion for a directed verdict and as reason therefor stated that absent any evidence that the alleged defamatory statement had been heard by a third person there was no publication. The case is here on the plaintiff's exception to the granting of the motion.

The record reveals that plaintiff and defendant were attending a public auction, the former as a prospective bidder and the latter as one of the several who were in charge of and conducting the auction. For reasons not here material, the parties became embroiled in a heated argument, their voices rose, each shouted at the other, and at some point defendant, by then provoked and angry, lost his temper and called plaintiff a thief. Although the commotion took place in front of and in close proximity to the auctioneer he testified that he did not hear what was said even though he was aware of what was taking place. The only other verbal testimony relating to publication came from another prospective bidder. Notwithstanding that he stood only "seven or eight feet" from the auctioneer during the verbal altercation between the parties and observed it, he testified that he could not identify those who were arguing and that he had not overheard anything said by either of the parties.

Of course, a publication is an essential element to a claim for damages for slander and unless the defamatory words are communicated to a third person and understood by him

there can be no recovery. To state the rule, however, is to beg the question for our concern here is not with the essentiality of a publication but with whether on a motion for a directed verdict a question of credibility arises when the third persons who were present and close enough to overhear and understand deny that they heard the defamatory statement.

The defendant cites several decisions which he says support his position. Each is either distinguishable on its facts, or premised upon the rule applying elsewhere as to the effect to be accorded positive testimony which while not impeached by other direct testimony is inconsistent with other evidentiary circumstances. Falling in the first category is *Tocker* v. *Great Atlantic & Pacific Tea Co.*, 190 A.2d 822 (D. C.), where it appeared that the plaintiff had made some purchases at the defendant's market and had proceeded through the check-out line. After leaving the premises and while on the public sidewalk only a few steps from the exit door, she was accused by the store manager of stealing merchandise. Holding that a direction of a verdict for the defendant on these facts was proper, the court commented on the absence of any evidence indicating that the defamatory words "were spoken in a loud clear tone susceptible of being overheard or that his [the store manager's] action attracted any attention or created any disturbance on the sidewalk." The clear inference to be drawn from this case as well as from *Walter* v. *Davidson*, 214 Ga. 187, also cited by defendant, is that a contrary result would have been reached had there been any such evidence.

*Royston* v. *Vander Linden*, 197 Iowa 536, upon which defendant places his principal reliance, while not distinguishable upon its facts is illustrative of the result obtaining in a jurisdiction which apparently follows a rule differing from that here prevailing as to the impeaching effect of evidentiary circumstances upon positive testimony. In that case it was held that the presumption of publication

which attaches upon production of evidence of a defamatory utterance in the presence of another is rebutted by a denial from the third person that he heard what was said.

When the authorities cited by defendant are so scrutinized, they are of no assistance to him. The only question before us is whether on a motion for a directed verdict positive testimony otherwise unimpeached can be controverted by evidentiary circumstances from which either a reasonable inference of inconsistency or improbability can be drawn or a legitimate suggestion of doubt as to credibility can be created.

That question must be answered affirmatively, for it is settled beyond question in this state that the absence of contradictory testimonial evidence does not compel acceptance of positive testimony if the positive contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence affect its credibility. The rule of inherent improbability is applicable not only to a resolution of the ultimate issue by the trier of fact, be it court or jury, *Gorman* v. *Hand Brewing Co.*. 28 R. I. 180; *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, *Jackowitz* v. *Deslauriers,* 91 R. I. 269, but is also controlling on a motion for a directed verdict. *Lewis* v. *Bull,* 48 R. I. 166.

Did the trial justice follow the rule? In passing on the motion for a directed verdict it was his duty to view the evidence in the light most favorable to plaintiff and to give him the benefit of all reasonable and legitimate inferences properly deducible therefrom. *McVeigh* v. *McCullough,* 96 R. I. 412, 192 A.2d 437; *Kenyon* v. *Murray,* 90 R. I. 423.

Viewing the evidence in that light, clearly it was legitimate for the trial justice in the exercise of what the late Chief Justice Vanderbilt of New Jersey referred to as the rational process to question the truthfulness of witnesses who, although almost within arm's length of defendant, denied that they overheard the slanderous language shouted

by him in anger and in a fit of temper. Indeed, giving plaintiff the benefit of all reasonable inferences, the trial justice could have concluded that for those witnesses not to have overheard defendant's statement was so inconsistent with what is reasonably to be expected in the light of common experience as to strain the limits of credulity.

In short, notwithstanding a consideration of the positive testimonial evidence to the contrary, the surrounding circumstances as disclosed in the record and the reasonable inferences therefrom could not have unerringly led the trial justice to the single conclusion that there was no publication. That the trial justice in these circumstances resolved the issue of credibility instead of submitting it to the jury as he should have, *Goodwill Advertising Co.* v. *Elmwood Amusement Corp.*, 86 R. I. 6, *Amado* v. *Ken-Mac Motors, Inc.*, 83 R. I. 452, is undoubtedly attributable to his conception that on a motion for a directed verdict positive testimony neither impeached nor contradicted by other positive testimony must be deemed conclusive of the ultimate issue.

Our holding is that an issue for jury determination arises if on the evidence, testimonial or otherwise, it may reasonably be inferred that the defamatory words were comprehensible to and uttered in the presence and hearing of a third person, and this even in the face of a denial by that person that he heard the words. The authorities which in our judgment are better reasoned support our conclusion. See *Cameron* v. *Cameron*, 162 Mo. App. 110; *Loranger* v. *Loranger*, 115 Mich. 681; *Roemer* v. *Jacob Schmidt Brewing Co.*, 132 Minn. 399; *Kroger Grocery & Baking Co.* v. *Harpole*, 175 Miss. 227; *Pelot* v. *Davison-Paxon Co.*, 218 S. C. 189; Newell, Slander and Libel (4th ed.), §664, p. 725.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Gerald A. Oster, Irving N. Espo,* for plaintiff.

*Winograd, Winograd & Marcus, Allan M. Shine,* for defendant.