312 A.2d 581.

ANDREW ECONOMOU AND BARBARA ECONOMOU, *p.a. vs.* VALLEY GAS COMPANY.

DECEMBER 12, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. Barbara Economou, a minor, brought this civil action through her next friend and father, Andrew Economou, to recover for injuries suffered by her as a result of an accident on a public highway in the city of Pawtucket involving a motor vehicle owned by the defendant and operated by one of its employees. The father also sued in his own name for consequential damages.

The case was heard before a justice of the Superior Court sitting with a jury. At the close of plaintiffs' case the trial justice denied defendant's motion for a directed verdict. The defendant renewed the motion at the close of all the evidence and the trial justice reserved decision thereon. After the jury returned a verdict for plaintiffs, the trial justice granted defendant's motion for a directed verdict. The defendant then filed a Super. R. Civ. P. 50(c) conditional motion for a new trial which the trial justice also granted. The case is before us on plaintiffs' appeals from the judgments entered granting the motions for a directed verdict and a new trial.

The facts, as shown by the testimony and the exhibits, are, insofar as pertinent here, as follows. The accident in which Barbara was injured occurred on February 14, 1969, on East Avenue in Pawtucket, shortly after 6:10 p.m. Immediately prior to the accident defendant's vehicle was

traveling north on East Avenue approximately 500 to 600 feet south of the accident scene. It was a van-type vehicle and was being operated by Normand J. Daigle, who was employed as an appliance service man by defendant. At the time of the accident, the road was dry, although snow was piled on the sides of the street, and traffic was very heavy.

As defendant's operator proceeded northerly on East Avenue, approaching the scene of the accident, he was traveling between 15 and 20 miles per hour. There were parked vehicles to his right. He was going down a small hill and as he was passing a truck with a ladder on it he caught a glimpse of Barbara approaching the right side of his truck through the window in the right-hand front door of his vehicle. At that time she was in the process of crossing the street and was "running or jotting" into the path of traffic from in front of the ladder truck. The operator testified that he saw a "* * * flash of a child sort of on my right and the next thing I knew I heard a thud on the side of the truck * * *."

It appears from the evidence that the point of impact was on the right side of defendant's vehicle. This is indicated by certain marks running along the side of the vehicle where the road scum or dirt had been cleaned from the vehicle by the brushing of the vehicle against the child. The point of impact is also shown on the police diagram and by a photo showing a mark made by the police indicating the point of impact on the highway at the scene of the accident. It appears from the exhibits in evidence that this mark is in close proximity to the left front corner of the parked ladder truck.

After the accident, defendant's operator proceeded northerly, beyond another parked car and a driveway, and drove his vehicle to the side of the road out of the line of traffic. At this point the rear of defendant's truck was 92'6″ from the point of impact, in the first available parking space on

that side of the highway. There was a distance of 29 feet between the two parked vehicles. The defendant's operator then ran back to the child and moved her over towards the snow bank in order to get her out of the road. He admitted there was a street light over the point of the accident. He said he did not see any other children in the vicinity from the time he entered East Avenue until the point of impact and he denied seeing the child-warning sign which was attached to a pole on the easterly side of East Avenue, a short distance to the south of the scene of the accident.

Barbara, who was eight years old at the time of the accident and eleven years old at the time of the trial, testified in substance as follows. She and her two brothers, George and Matthew, and two other children were out sliding with their sleds behind Almac's. They heard and saw some fire trucks go by. They left the sleds to follow the fire engine and they all crossed from the west side of the street to the sidewalk on the east side. They ran and walked on the sidewalk on the east side of the street and then stopped to cross again because the engine was going in that direction. Barbara's brother Matthew and the two other children crossed from the easterly sidewalk to the westerly sidewalk before Barbara and her brother George. Then her brother George crossed and after that Barbara was going to cross.

As he was crossing the street, George almost got hit. She was just standing there watching and called out his name so he would hurry up and run across the street. She testified that she was standing on the sidewalk when she called out to her brother; that she did not see defendant's vehicle before she got hit; that she did not know where she was when she got hit; that she did not remember anything; that the best she could remember, she did not think that she started across the street after she called to her brother; and that she thought she was still on the sidewalk then, and

518

when the accident happened. She had stated earlier in her testimony that she was standing still when she was hit and that the next thing she remembered was when she awoke in the hospital.

We consider first plaintiffs' claim that the trial justice erred in granting defendant's motion for directed verdict at the close of all the evidence.[1] In passing on the motion the trial justice referred to what he said when he denied defendant's motion at the close of plaintiffs' case. At that time he said that putting aside Barbara's testimony and viewing the case from all the other evidence, in accordance with the rule governing the trial justice in passing on a motion for a directed verdict, the conclusion was inescapable that defendant's operator was not negligent. He said that the evidence put in through the police officers, the diagram of the scene, the testimony of the young children who were with Barbara at the time, lead to only one conclusion that a reasonable person could come to, and that was that Barbara came into the street from behind a parked truck and ran into the side of defendant's vehicle, striking it somewhere in the vicinity of the door handle on the passenger's side, or slightly behind that. He went on to say that the photograph and the physical evidence showed this and that the evidence indicated that the impact took place out in the road, somewhere near the middle of the road. He concluded that a reasonable person could come to no other conclusion from that evidence than that defendant's operator was not negligent.

The trial justice then went on to discuss Barbara's testimony. He said that although her recollection was hazy, if

---

[1] See 1 Kent, *R. I. Civ. Prac.* 50 at 367, where Professor Kent points out that, after the denial of the motion for a directed verdict at the close of a plaintiff's case, the defendant may introduce evidence but that by doing so he waives his original motion and must again move for a directed verdict at the close of all the evidence in order to obtain appellate review.

her testimony were believed, the reasonable inference to be drawn therefrom would be that she was standing in a place of safety and somehow defendant's vehicle went onto the sidewalk and caused her injury. He said that this testimony raised a reasonable inference of negligence. Then, after discussing the rule of inherent improbability as stated in *Gaudette* v. *Carter,* 100 R. I. 259, 214 A.2d 197 (1965), and *Faubert* v. *Shartenberg's, Inc.,* 59 R. I. 278, 195 A. 218 (1937), he pointed out that although her testimony taken alone did not contain within it inherent contradictions and improbabilities, when viewed in the light of all the other evidence in the case, it was improbable. Nonetheless, because there was a conflict in the testimony and because a resolution of such conflict involved credibility, he denied defendant's motion for a directed verdict at that time and said he would consider such a motion at the close of all the evidence.

In granting defendant's motion for a directed verdict at the close of all the evidence, the trial justice observed that the evidence that was presented during defendant's case did not change the situation as it existed when he denied the motion at the close of plaintiffs' case. He then referred to certain statements made by plaintiffs' counsel during final arguments to the jury regarding Barbara's testimony and defendant's duty while operating defendant's vehicle at the time in question. Barbara's counsel indicated to the jury that the improbability of Barbara's testimony was very high and he asked them not to consider her story as accurate. He conceded this in his brief and during oral argument before us. He also argued to the jury that defendant's operator had the duty, as he was driving along the highway, to see if any children were coming out between the parked cars. With respect to the latter statement the trial justice said, "I'm satisfied [it] is not a legal duty."

The trial justice concluded that in view of the inherent

improbability of Barbara's version of the accident, there was no evidence from which the jury could find that defendant's operator was negligent and, therefore, he granted the directed verdict.

In support of their argument that it was error to grant defendant's motion, plaintiffs claim that the trial justice ruled that their counsel's statement during final argument to the jury conceding the improbability of Barbara's testimony was a sufficient basis on which to direct the verdict. There is nothing in the trial justice's decision which directly or indirectly indicates that he based his ruling on plaintiffs' counsel's statement to the jury. He merely referred to those statements; he did not say he was basing his ruling on them.

Nor is there any merit to plaintiffs' assertion that the trial justice overlooked substantial evidence in passing on this motion. It is true that defendant operator said that he did not keep any lookout for children approaching from his right during the last thirty feet of travel prior to the impact and did not look for any children to his right as he reached a point approximately abreast of the parked ladder truck. But, as the trial justice said, he was under no duty to do so. He had already testified that he saw no children in the vicinity as he was driving northerly on East Avenue. And, although this was in the area of a school zone, this accident happened after school hours.

The state of the record before the trial justice when he was called upon to pass on this motion was not too involved. On the one hand he had the testimony of defendant's operator that the child darted out between parked cars and ran into the highway and into the side of defendant's vehicle. On the other hand he had Barbara's testimony that she was hit on the sidewalk. In passing on such a motion it was his duty to view the evidence in the light most favorable to plaintiffs and to give them the benefit of all reasonable

and legitimate inferences properly deducible therefrom, without passing on credibility or the weight of the evidence. *Hamrick* v. *Yellow Cab Co.*, 111 R. I. 515, 522, 304 A.2d 666, 671 (1973).

In the case at bar the trial justice found that Barbara's testimony, when viewed in the light of all the other evidence, was inherently improbable, if not physically impossible. He therefore applied the rule of inherent improbability and rejected Barbara's testimony as inherently improbable and contrary to known physical facts. *Gaudette* v. *Carter, supra.* For the reasons which follow we affirm.

The rule in this state is that on a motion for a directed verdict positive testimony otherwise unimpeached can be controverted by evidentiary circumstances from which either a reasonable inference of inconsistency or improbability can be drawn or a legitimate suggestion of doubt as to credibility can be created. *Gaudette* v. *Carter, supra.*

The physical facts in this case show how inherently improbable Barbara's testimony is. The only evidence which could support an inference that defendant's operator was negligent is her testimony that she was standing on the sidewalk at the time she was struck and had not yet started to cross the street. As pointed out by defendant, the inferences that would have to be drawn from this testimony are that defendant's operator passed the ladder truck, made a sharp right turn, drove up onto the sidewalk, hit Barbara and knocked her out into the road, then proceeded to turn left back onto East Avenue, and proceeded down East Avenue and parked on the right side thereof. We have already discussed the physical facts which show the inherent improbability of plaintiffs' testimony and, therefore, there is no need to repeat them here. We merely point out that, except for Barbara's testimony, the uncontradicted evidence is that the impact occurred on the highway and that Barbara darted out into the highway between parked cars

into the side of defendant's vehicle at a time when there was no reason for defendant's operator to have anticipated that a child would dart into the side of his truck from in front of the parked truck. We find no error in the trial justice's ruling granting defendant's motion for a directed verdict.

In view of this finding we do not reach, and therefore do not consider, plaintiffs' objection to the trial justice's ruling granting defendant's motion for a new trial.[2]

The plaintiffs' appeal from the judgment granting defendant's motion for a directed verdict is denied and dismissed. Their appeal from the judgment granting defendant's conditional motion for a new trial is denied and dismissed pro forma.

*John F. McBurney*, for plaintiffs.

*Hanson, Curran, Bowen & Parks, A. Lauriston Parks*, for defendant.

---

[2]See commentary, 1 Kent, *R. I. Civ. Prac.* §50.4 at 372 (1969), where Professor Kent points out that when a reserved motion for a directed verdict has been granted, either party may move conditionally for a new trial and that the justice must rule upon such motion, although his ruling becomes operative only if the judgment entered on the directed verdict is reversed for error in granting the reserved motion.