342 A.2d 622.

BURTON SALK *vs.* ALPINE SKI SHOP, INC. AND CUBCO, INC.

AUGUST 4, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

310

DORIS, J. This is a civil action to recover damages for personal injury brought by the plaintiff, Burton Salk, against the defendants, Alpine Ski Shop, Inc. (herein-

after Alpine), a Rhode Island corporation engaged in the sale of ski and other sports equipment, and Cubco, Inc. (hereinafter Cubco), a New Jersey corporation engaged in the manufacture of ski bindings. The case was tried to a justice of the Superior Court sitting with a jury. At the close of the plaintiff's presentation of evidence, the defendants each moved for a directed verdict on all counts of the plaintiff's complaint. The motions were granted, and the plaintiff now appeals from the judgment entered thereon.

It appears from the record that in January of 1967, plaintiff purchased from defendant Alpine various articles of ski equipment including ski bindings manufactured by defendant Cubco. The defendant Alpine installed these ski bindings on plaintiff's skis and allegedly adjusted them according to plaintiff's height, weight, and skiing ability. The plaintiff made use of his new ski equipment on four separate occasions without mishap. On the fifth day, however, plaintiff fell while skiing, his ski bindings did not release, and he broke his leg.

Shortly after this accident, plaintiff filed a complaint against Alpine and Cubco, which, after several amendments, alleged eight counts of liability: two counts in express and implied warranty against the seller Alpine, two counts in express and implied warranty against the manufacturer Cubco, a count in strict liability in tort against each defendant, and a count in negligence against each defendant. Pursuant to motions made under Super. R. Civ. P. 50, the trial justice directed a verdict against plaintiff on all counts of the amended complaint. On appeal plaintiff has limited himself to claiming only three points of error. Those points neither briefed nor argued are deemed to be waived. Sup. Ct. Rule 16(a).

Since the case comes to us solely on the question of whether the trial justice erred in granting defendants':

312

motions for a directed verdict, we consider the evidence in a light most favorable to the appealing party and give him the benefit of all reasonable and legitimate inferences to be drawn therefrom. *Gaudette* v. *Carter,* 100 R. I. 259, 214 A.2d 197 (1965). Should the evidence be susceptible of two reasonable inferences, one of which would provide the necessary support for plaintiff's contentions, it would be improper for the trial justice to direct a verdict. *Hamrick* v. *Yellow Cab Co. of Prov.,* 111 R. I. 515, 304 A.2d 666 (1973); *Molinari* v. *Sinclair Refining Co.,* 111 R. I. 490, 304 A.2d 651 (1973). With this general principle in mind, we now proceed to an examination of plaintiff's specific contentions.

In alleging that the trial justice erred in directing a verdict as to the count charging defendant Alpine with negligence, plaintiff suggests that there was evidence to support a finding that Alpine was negligent in not adjusting the bindings according to the manufacturer's specifications and instructions. He argues that the fact that Alpine installed and adjusted the bindings, together with the fact that the bindings did not release when plaintiff fell, sets up a reasonable inference that the bindings were improperly adjusted and that this improper adjustment caused the injury.

The mere happening of an accident does not ordinarily justify the inference that defendant was negligent and that his negligence proximately caused the injury to plaintiff. *Pettella* v. *Union Carbide Corp.,* 234 F.Supp. 366 (D. R. I. 1964); *Goyette* v. *Sousa,* 90 R. I. 8, 153 A. 2d 509 (1959). In order to avoid a directed verdict, the burden is on plaintiff to produce competent evidence that defendant was negligent and that its negligence was the proximate cause of the injury.

In the instant case the only evidence plaintiff can adduce in support of his contention of negligence is that

the bindings failed to release. There is undisputed evidence in the record that unless plaintiff was traveling at a certain minimum velocity his bindings, although properly adjusted to his height, weight, and skiing ability, would not release. The plaintiff presents no evidence that he had reached this threshold speed when the fall occurred.

Furthermore, there is no competent evidence in the record that the result of the alleged negligence, the failure of the bindings to release, actually caused the injury. In *Sweet* v. *Hemingway Transport, Inc.,* 114 R. I. 348, 333 A.2d 411 (1975), we held that for expert testimony on the issue of causation to have any evidentiary value, the expert must report that the injury "most probably" resulted from the cause alleged. In the instant case, the doctor who examined plaintiff immediately after the accident was unable to identify the cause of the injury with this degree of certainty.

Having failed to produce evidence on these basic points, his suggested inference becomes mere conjecture and speculation. A plaintiff may not rely on conjecture or speculation to establish the essential elements of his case, *Nahigian* v. *Belcher & Loomis Hardware Co.,* 66 R. I. 194, 18 A.2d 388 (1941), and thus the trial justice did not err in directing a verdict on this count.

The plaintiff's second contention is that the trial justice erred when he directed a verdict as to plaintiff's count against defendant Cubco in express warranty. The plaintiff alleges that Cubco, by means of certain advertisements placed in national magazines, expressly warranted to plaintiff that its bindings would release in such a manner as to guarantee freedom from injury. Representative of the advertisements in question is the following language:

> "Cubco is the precise binding . . . that release when it's supposed to. * * * Both heel and toe release at the exact tension you set. And release whichever way you fall."

314

For the facts of this case to make out a breach of express warranty, plaintiff must first establish that Cubco warranted its bindings would release in every situation presenting a danger to the user's limbs. It is our judgment that Cubco's advertising falls short of this blanket guarantee. During the course of the trial, uncontroverted evidence was presented to the effect that although no binding could be set at a tension sufficiently low to release during a slow fall and still keep the skier on his skis during normal skiing, Cubco bndings had a multi-directional release which could be adjusted to operate at a variety of tensions and once adjusted would release whenever the selected tension was applied. The advertisements brought to our attention do no more than to affirm these uncontroverted facts. In this situation, we cannot say that the trial justice was in error when he directed a verdict on this count, despite his choice of alternative grounds as a basis of his decision. *See Lancia* v. *Grossman's of R. I., Inc.,* 100 R. I. 407, 216 A.2d 517 (1966); *Budwee* v. *New England Motors, Inc.,* 99 R. I. 663, 210 A.2d 131 (1965).

The plaintiff's final contention is that the trial justice erred in directing a verdict on his count in strict liability in tort. He argues that ski bindings are inherently dangerous products, and that while these ski bindings may not be defective in design or manufacture, the failure to warn plaintiff of the dangers involved in their use constituted a defect for purposes of the rule of strict liability set out in Restatement (Second) *Torts* §402A (1965) and adopted by this court in *Ritter* v. *Narragansett Elec. Co.,* 109 R. I. 176, 283 A.2d 255 (1971).

We do not reach the merits of this contention, as we are of the opinion that plaintiff has completely failed to establish any causal connection between the failure to warn and the injury. The doctrine of strict liability in

tort, while eliminating proof of negligence as a requirement for recovery, does not obviate the need to show a causal connection between the defect and the injury. *Romano* v. *Westinghouse Elec. Co.*, 114 R. I. 451, 336 A.2d 555 (1975). In most cases the test for actual causation will be whether plaintiff has established that the harm would not have occurred but for the negligent conduct of defendant or the existence of a defect. 2 Harper & James, *Torts* §20.2 at 1110 (1956). In the instant case, plaintiff did not allege that had he been warned of the inevitable dangers of skiing, he would not have skied; nor did he allege that he would have purchased other bindings and that other bindings would have prevented his injury. Quite to the contrary, the record indicates that despite his knowledge of the risks involved in the sport, plaintiff has continued to ski.

Even viewing this evidence in a light most favorable to the plaintiff, we cannot find any grounds on which a jury would conclude that the alleged defect caused plaintiff's injury. The trial justice did not err in directing a verdict on this count.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Supeiror Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Milton Bernstein,* for plaintiff.

*Bruce Tucker,* for Alpine Ski Shop; *Paul V. Reynolds,* for Cubco, Inc., *Marvin Brill, Francis Reynolds,* for defendants.